JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alicia Ruddell & Patrick Ruddell, individually & as husband and wife

**DEFENDANTS**
YRC Worldwide, Inc., et al

(b) County of Residence of First Listed Plaintiff: **Lehigh County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Johnson County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Richard A. Wolfe, Esquire, TabakinWolfe, LLP
Plymouth Greene Office Campus, 1000 Germantown Pike, B-3
Plymouth Meeting, PA  19462, #215-525-1616

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / [x] 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  |  | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332(a)(1) and 28 USC Section 1391(a)(2)
Brief description of cause:
Plaintiff injured as result of dangerous product which collapsed on her.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 5,000,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 3/27/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALICIA RUDDELL AND  :
PATRICK RUDDELL, individually and  :  Civil Action No.
as husband and wife  :
6014 Herring Court  :
New Tripoli, PA 18066  :
        Plaintiffs,  :
          :
v.  :
          :
YRC WORLDWIDE, INC.  :
10990 Roe Avenue  :
Overland Park, KS 66211  :
    and  :
GOLDEN DESIGNS, INC.  :
1920 Proforma  :
Ontario, CA 91761  :
        Defendants.  :

## COMPLAINT

1. Plaintiff, Alicia Ruddell, a citizen and resident of the Commonwealth of Pennsylvania, is an adult individual currently residing at the above address.

2. Plaintiff, Patrick Ruddell, a citizen and resident of the Commonwealth of Pennsylvania, is an adult individual currently residing at the above address.

3. Defendant, YRC Worldwide, Inc. (hereinafter referred to as "Defendant" and/or "YRC", was at all times material hereto, a corporation, limited partnership, or other business entity, organized, existing and operating under the laws of the state of Kansas with an office at 10990 Roe Avenue, Overland Park, Kansas.

4. Defendant, Golden Designs, Inc. (hereinafter referred to as "Defendant" and/or "Golden Designs", was at all times material hereto, a Canadian corporation, limited partnership, or other business entity, organized, existing and operating under the laws of Canada duly authorized and conducting business in the United

States of American in the Commonwealth of Pennsylvania with an office at 1920 Proforma, Ontario, Canada.

5. At all times material hereto, Defendant, Golden Designs, engaged in the retail sale, marketing, distribution, packaging and manufacture of saunas and spa products as well as the design, modification, specification and manufacture of fitness equipment regularly doing business in the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendant, Golden Designs, was engaged in the shipping, distribution, packaging and delivery of the subject product described herein-below as well as similar products regularly doing business in the Commonwealth of Pennsylvania.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different States."

## VENUE

8. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. §1391(a)(2), in the Eastern District in that – it is where a substantial part of the events or omissions giving rise to the claim occurred.

## COUNT I
## ALICIA RUDDELL v. DEFENDANTS
### (Negligence)

9. At all times material hereto, Defendant, YRC, acted by and through its agents (ostensible or otherwise), workmen, servants and/or employees.

10. At all times material hereto, Defendant, Golden Designs, acted by and through its agents (ostensible or otherwise), workmen, servants and/or employees including but not limited to Defendant, YRC.

11. On December 16, 2015, Plaintiff, Patrick Ruddell, purchased from Defendant, Golden Designs, a Golden Designs Bergen Luxury Edition 4-6 Person Traditional Steam Sauna (Cedar) (hereafter referred to as the "subject product").

12. Based upon information and belief, Defendants, Golden Designs and/or YRC, designed, fabricated, modified, packaged, assembled, tested and otherwise placed into the stream of commerce the subject product and its component parts on a pallet which at all times relevant hereto was a component part of the subject product.

13. At all times relevant hereto, Defendants, Golden Designs and YRC owed a duty to deliver the product and component parts in a manner that was safe for its intended use.

14. At all times relevant hereto, Defendants, Golden Designs and YRC owed a duty to deliver the product and component parts in a configuration that did not present a hazard to individuals unpacking and/or unloading the components of the product.

15. Based upon information and belief, Defendant, Golden Designs, designed, fabricated, modified, marketed, packaged, configured and otherwise placed into the stream of commerce the subject product and its component parts.

16. On December 18, 2015, Defendant, YRC, obtained the subject product from Defendant, Golden Designs.

17. On or December 28, 2015 Defendant, YRC, delivered the subject product to the Plaintiffs residence at 6014 Herring Court in New Tripoli, Pennsylvania.

18. At all times relevant hereto, Defendants, Golden Designs and YRC, jointly, severally and/or individually owed a duty to Plaintiffs to deliver the subject product in a safe and secure manner.

19. At all times relevant hereto, Defendants, Golden Designs and YRC, jointly, severally and/or individually owed a duty to deliver the subject product with adequate, clear and concise instructions for unloading and assembling the product.

20. On December 28, 2015 the subject product (weighing in excess of one thousand pounds) was negligently and/or dangerously and/or defectively packaged, transported, and delivered by YRC (and/or through YRC's employees and/or ostensible agents) to the Plaintiffs' residence.

21. On the aforesaid date, while Plaintiff, Patrick Ruddell, was unpacking the subject product portions of the product that were not properly positioned and/or secured to the pallet toppled over and caused catastrophic and permanent crush injuries to Plaintiff, Alicia Ruddell more fully described herein at length.

22. As a result of the conduct more fully described herein, Plaintiff, Alicia Ruddell, suffered grievous and life-threatening injuries including but not limited to the following: fractured pelvis, fractured pubic bone, fractured tailbone, damage to her muscles, bones and tendons in her torso and extremities physical trauma associated with and flowing from the above referenced injuries; emotional and psychological trauma associated with and flowing from the above-referenced injuries; severe shock to her nerves and nervous system; which injuries have

caused her pain and suffering in the past and may continue to do in the future; which injuries have prevented her and may continue to prevent her from attending to her daily and usual duties; which injuries have required her to expend money for medicine and/or medical attention in an attempt to treat, cure and care for herself, injured as aforesaid; all of which has been and continues to be to her great damage and loss.

23. As a result of the injuries aforesaid Plaintiff, Alicia Ruddell, has undergone emergency and follow-up hospitalization and surgery for treatment of her injuries and may continue to require periodic hospitalization for an indefinite period of time in the future, to her great detriment and loss.

24. As a result of the injuries aforesaid Plaintiff, Alicia Ruddell, has required therapy, both at outpatient facilities and at home and may continue to require said therapy and rehabilitation for an indefinite period of time in the future, to her great detriment and loss.

25. As a result of the injuries aforesaid Plaintiff, Alicia Ruddell, has suffered financial setbacks, including loss of income, due to lost time from employment which financial setbacks and income losses will continue for an indefinite period of time in the future, to her great detriment and loss.

26. At all times relevant hereto, Defendants, Golden Designs and YRC, jointly, severally and/or individually owed a duty to pack, configure, load and deliver the product with experienced and competent personnel.

27. As the sellers, distributors, shippers, packers of the subject product Defendants, jointly, severally and/or individually owed a duty to consumers/end users such as

Plaintiffs, which included responsibilities and/or duties for the proper securing, packing, shipping and delivery of the product, such as those to deliver the product in a reasonably safe condition, free from known and/or anticipated hazards.

28. At all times material hereto defendants, Golden Designs and/or YRC, jointly, severally and/or individually, knew or should have known that the product was dangerously defective as delivered to Plaintiffs, namely failing to properly secure the product to the pallet and/or provide a safe manner to unpack/unload the pallet delivered to the Plaintiffs/consumers/end users, which posed the risk of serious bodily injury to the Plaintiffs.

29. Defendants, Golden Designs and/or YRC, jointly, severally and/or individually acted and/or failed to act in a manner that resulted in the Plaintiffs being placed in an exceedingly dangerous situation, which included an unreasonable risk of serious bodily injury and death.

30. Defendants, Golden Designs and/or YRC, were careless and/or negligent, in numerous respects including, but not limited to:

   a. Failing to hire proper and adequate individuals to load/pack the shipment to Plaintiffs;

   b. Failing to properly secure the shipment to Plaintiffs;

   c. Failing to properly and/or adequately unload the shipment for the Plaintiffs;

   d. Failing to adequately warn the Plaintiffs of a danger that defendants knew and/or should have known;

   e. Creating a hazardous condition;

   f. Failing to allocate sufficient funds in order to provide for the proper and adequate shipment of its product;

g. Failing to conduct proper and adequate assessments and/or surveys of its shipments and deliveries;

h. Failing to hire proper and adequate staff to supervise and monitor its shipments and deliveries;

i. Failing to have adequate policies and procedures in place to ensure that its product is delivered in a safe and reasonable manner;

j. Failing to consider the safety of its consumers/end users;

k. Failing to properly remedy a known unreasonable dangerous condition;

l. Failing to properly train its employees, agents, servants and workmen in the proper packaging, shipment and delivery of the subject product;

m. Failing to properly train, instruct, manage, supervise and otherwise oversee its agents, servants, workmen and/or employees in the proper and appropriate methods for proper and appropriate building of a pallet to prevent persons such as Plaintiff from coming in contact with a dangerous and/or defective condition;

n. Failing to use proper and/or adequate materials to ship its product;

o. Placing a dangerous and defective condition upon Plaintiff's premises;

p. Defendants herein, jointly and/or severally, are directly liable to Plaintiff for her injuries/damages on account of its/their own negligence or is/are vicariously liable pursuant to the doctrine of *respondeat superior*.

31. As a direct and proximate result of the negligence and carelessness of the Defendants, jointly, severally and/or individual, Plaintiff, Alicia Ruddell suffered the injuries and losses hereinabove described.

32. The aforesaid accident was caused by the negligence and carelessness of Defendants, Golden Designs and/or YRC, jointly, severally and/or individually, and was, in no way whatsoever, due to any act or failure to act on the part of Plaintiff, Alicia Ruddell.

WHEREFORE, Plaintiff, Alicia Ruddell, demands judgment against the Defendants, Golden Designs and/or YRC, jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

### COUNT II
### PLAINTIFF v. DEFENDANT, GOLDEN DESIGNS
(Strict Liability)

33. Plaintiff incorporates by reference the preceding allegations set forth in paragraphs 1. through 32. as though the same were fully set forth herein at length.

34. Solely as a result of the defective and unreasonably dangerous design and manufacture of the subject product and its component parts as set forth in this Civil Action, the Plaintiff, Alicia Ruddell, has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, section 402 A and 402 B.

35. Defendant, Golden Designs, modified, fabricated, modeled, remodeled, manufactured and distributed the subject product and its component parts or were responsible for the specification and design thereof.

36. Defendant, Golden Design's, subject product and its component parts contained design defects at the time it left said Defendant, Golden Design's, control, which defects rendered said Unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

37. Defendant, Golden Design's, subject product and component parts contained inadequate warnings at the time it left Defendant, Golden Design's, control, which defects rendered said unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

38. Defendant, Golden Design's, subject product and component parts was specified and/or modified by Defendant, Golden Design's, so as to render it in a defective condition, which condition created a danger to intended users thereof.

39. The subject product and component parts were designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

   a. Failed to be properly affixed to the pallet;;

   b. Failed to contain a safety guard so as to prevent the aforesaid accident;

   c. Failed to contain instructions so that it could be unloaded safely in a reasonably foreseeable manner;

   d. Failed to contain conspicuous and adequate warnings;

   e. Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

   f. Failed to use proper and/or adequate materials to ship its product;

   g. Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiffs of further actions necessary on their part to insure the safety of the subject product and its component parts; and

   h. Failed to comply with codes and regulations;

40. Plaintiff, Alicia Ruddell, was an intended user of the subject product and its component parts.

41. Plaintiff, Alicia Ruddell, was injured while using the subject product and its component parts in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendant, Golden Designs.

42. The defective condition of the subject product and its component parts were the proximate cause of Plaintiff, Alicia Ruddell's, injuries and losses.

43. The defective condition of the subject product was a substantial factor in causing Plaintiffs' injuries and losses.

44. As a result of the tortuous activity herein-above described Defendant, Golden Designs, is strictly liable to Plaintiff for her injuries.

WHEREFORE, Plaintiff, Alicia Ruddell, demands judgment against the Defendant, Golden Designs, jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

## COUNT III
## PLAINTIFF v. DEFENDANT, YRC WORLDWIDE, INC.
### (Strict Liability)

45. Plaintiff incorporates by reference the preceding allegations set forth in paragraphs 1. through 44. as though the same were fully set forth herein at length.

46. Solely as a result of the defective and unreasonably dangerous design and manufacture of the subject product and its component parts as set forth in this Civil Action, the Plaintiff, Alicia Ruddell, has sustained and will sustain the injuries and damages set forth herein, and is therefore entitled to damages under the Restatement (Second) of Torts, section 402 A and 402 B.

47. Defendant, YRC, packaged, configured, modified, fabricated, modeled, remodeled, manufactured and distributed the subject product and its component parts or were responsible for the specification and design thereof.

48. Defendant, YRC's, shipment contained design defects at the time it left said Defendant, YRC's, control, which defects rendered said Unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

49. Defendant, YRC's, subject product and component parts contained inadequate warnings at the time it left Defendant, YRC's, control, which defects rendered said unit in an unreasonably dangerous, defective and unsafe condition at the time when it reached the Plaintiff.

50. Defendant, YRC's, subject product and component parts was specified and/or modified by Defendant, YRC's, so as to render it in a defective condition, which condition created a danger to intended users thereof.

51. The subject product and component parts were designed, remodeled, manufactured and sold in a defective and dangerous manner in that it:

   a. Failed to be properly affixed to the pallet;;

   b. Failed to contain a safety guard so as to prevent the aforesaid accident;

   c. Failed to contain instructions so that it could be unloaded safely in a reasonably foreseeable manner;

   d. Failed to contain conspicuous and adequate warnings;

   e. Failed to contain safety features in that it could not be used in a safe and reasonably foreseeable manner;

   f. Failed to use proper and/or adequate materials to ship its product;

   g. Failed to contain adequate packaging and brochures containing warnings on the product, and otherwise warning the Plaintiffs of further actions necessary on their part to insure the safety of the subject product and its component parts; and

   h. Failed to comply with codes and regulations;

52. Plaintiff, Alicia Ruddell, was an intended user of the subject product and its component parts

53. Plaintiff, Alicia Ruddell, was injured while using the subject product and its component parts in a reasonable manner and for a purpose reasonably anticipated and foreseeable by Defendant, YRC.

54. The defective condition of the subject product and its component parts were the proximate cause of Plaintiff, Alicia Ruddell's, injuries and losses.

55. The defective condition of the subject product was a substantial factor in causing Plaintiffs' injuries and losses.

56. As a result of the tortuous activity herein-above described Defendant, YRC, is strictly liable to Plaintiff for her injuries.

WHEREFORE, Plaintiff, Alicia Ruddell, demands judgment against the Defendant, YRC, jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

## COUNT IV
## ALICIA RUDDELL v. GOLDEN DESIGNS
### (Breach of Warranty)

57. Plaintiff incorporates by reference the allegations contained in paragraphs 1-56. as though the same were fully set forth herein.

58. Defendant, Golden Designs, breached the implied warranty of merchantability and fitness for a particular purpose.

59. Defendant, Golden Designs, breached the implied warranty of safety for intended use.

60. Defendant, Golden Designs', breach of the afore-described warranties were a proximate cause of the harm suffered by Plaintiff.

WHEREFORE, Plaintiff, Alicia Ruddell, demands judgment against the Defendant, Golden Designs, jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

### COUNT V
### ALICIA RUDDELL v. YRC WORLDWIDE, INC.
(Breach of Warranty)

61. Plaintiff incorporates by reference the allegations contained in paragraphs 1-59. as though the same were fully set forth herein.

62. Defendant, YRC, breached the implied warranty of merchantability and fitness for a particular purpose.

63. Defendant, YRC, breached the implied warranty of safety for intended use.

64. Defendant, YRC's, breach of the afore-described warranties were a proximate cause of the harm suffered by Plaintiff.

WHEREFORE, Plaintiff, Alicia Ruddell, demands judgment against the Defendant, YRC Worldwide, Inc., jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

## COUNT VI
## PATRICK RUDDELL v. DEFENDANTS
### (Loss of Consortium)

65. Plaintiff, Patrick Ruddell hereby incorporates by reference the allegations contained in paragraphs one (1) through sixty-four (64), inclusive, of this Civil Action as if the same were set forth herein more fully at length.

66. As a direct and proximate result of the negligence, carelessness and tortious conduct of Defendants herein, jointly, severally and/or individually Plaintiff, Patrick Ruddell, as spouse of Plaintiff, Alicia Ruddell, has been deprived of the society, companionship, aid, assistance, earnings and earning power and loss of consortium of said spouse, all of which has and may, in the future, continue to cause his great emotional and financial loss and damage.

WHEREFORE, Plaintiff, Patrick Ruddell, demands judgment against the Defendants, Golden Designs and/or YRC, jointly, severally and/or individually, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), inclusive of interest and costs on this Count.

CARPEY LAW, P.C.

BY: _____
STUART A. CARPEY, ESQUIRE
Attorney I.D. No. 49490
100 West Elm Street, Suite 310
Conshohocken, PA 19428
(610) 834-6030
scarpey@carpeylaw.com

TABAKINWOLFE, LLP

BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No. 78944
1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
(215) 525-1616
rich@twlegal.net

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6014 Herring Court, New Tripoli, PA 18066

Address of Defendant: 10990 Roe Avenue, Overland Park, Kansas 66211

Place of Accident, Incident or Transaction: 6014 Herring Court, New Tripoli, PA 18066
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) / Product Liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3-24-17   _____   #78944
                 Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Alicia Ruddell, et al : CIVIL ACTION
v. :
YRC Worldwide, Inc., et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

3-24-17                  [signature]              Richard A. Wolfe, Esq.
**Date**            **Attorney-at-law**        **Attorney for** plaintiff

215-525-1614        215-525-5858              rich@twlegal.net
**Telephone**       **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02